UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS TAFUTO, III<br><br>v.<br><br>NEW JERSEY INSTITUTE OF TECHNOLOGY, et al.<br><br>Defendant. | Civil Action No. 10-cv-4521 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion to dismiss the second amended complaint (SAC) pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants, New Jersey Institute of Technology, Jack Gentul, Holly Stern and Brian Tierny ("Defendants"). Plaintiff, Louis Tafuto, III ("Plaintiff" or "Tafuto") alleges that the Defendants engaged in sexual harassment in violation of Title IX. For the reasons set forth below, the Defendants' motion to dismiss [docket entry No. 33] is granted in part and denied in part.

FACTS

According to the Plaintiff's second amended complaint, the allegations are as follows.

During the fall semester of 2009, Plaintiff, Louis Tafuto, III enrolled in three courses at the New Jersey Institute of Technology ("NJIT or Institute"). One of three courses, the Architectural Design class, was problematic for Plaintiff. According to Plaintiff, from September through November, 2009 during the Architectural Design class, other students ridiculed and bullied him. According to paragraph 17 of the Complaint, Plaintiff was sexually harassed by students. He avers:

      a.    NJIT students repeatedly stole Plaintiff's sketch book from his NJIT Work Station and wrote numerous notes in it

        calling him a "faggot."

b. Students also glued a cardboard penis to Plaintiff's NJIT Work Station with a cut out picture of his face glued to the top of it as if he had his mouth on the tip of the cardboard penis.

c. Students took a picture of the cardboard penis and Plaintiff's face and posted the photo on their NJIT Projects page on Facebook.

d. Students also placed an 18" x 24" sign in the window of the Architectural Design and Drawing studio which read "Louis Loves to give Head" on four separate occasions.

e. Stephanie Pawlick, a student of the Architectural Design Class also posted other pictures of Louis Tufuto on her facebook page labeled "NJIT Architectural Design Projects" with access to NJIT students and the NJIT Community. These pictures called Louis Tufuto "faggot"; "tits magee"; and "butt pirate." The NJIT Architectural and Design Students commented on Stephanie Pawlick's photos on Facebook.

f. NJIT students on a number of occasions left 12" x 18" papers on Plaintiff's desk with words like 'faggot" and "gay" on them.

During the course of the above conduct, Professor Megumi Tamanaha became aware of the conduct, and although she was empathetic to Plaintiff, she never undertook any action to report it to the administration of the Institute or to discipline any of the students.

In early November, 2009, during a private conversation, Shannon McMahon, a student, overheard Tufuto saying to another student that due to the harassment, he wanted to "kill" some of his classmates. (Complaint, para. 22). McMahon reported the statement to Professor Tamanaha who in turn alerted Jack Gentul, the Dean of Students for the Institute. Gentul

removed Tafuto from class on November 11, 2009. Dean Gentul and the NJIT psychologist, Dr. McCoul, then questioned Tafuto for forty minutes at NJIT police headquarters. Tafuto was not charged with violations of school policy, nor was he charged with any crimes, but was immediately suspended by Dean Gentul. After meeting with Tafuto, Dean Gentul required Tafuto to undergo a psychiatric evaluation or "risk assessment" to evaluate Tafuto's propensity to "kill" other students prior to allowing Tafuto to return to the Institute's campus. Tafuto refused to submit to the psychiatric evaluation, and as a result, he was prohibited from returning to the campus, but was permitted to finish the semester from his home.

Tafuto filed suit to compel the Institute to allow him to resume his classwork on campus without undergoing psychiatric evaluation. [docket entry no. 2]. This Court denied Tafuto's application because Dean Gentul's action was reasonable in light of the severity of Tafuto's language when he used the word "kill."

During his initial meeting with Dean Gentul on November 11, 2009, Tafuto showed Dean Gentul the aforementioned photos that were posted on the internet and informed him of the other offensive depictions of Tafuto made by his classmates. On November 12, 2009, Tafuto and his parents met with Dean Gentul where Dean Gentul was again informed of the actions by other students in the Architectural Design class.

Plaintiff's's complaint alleges that Dean Gentul and the Institute's in-house counsel (Brian Tierny and Holly Stern) never investigated the behavior of Tafuto's classmates despite twice being informed by Tafuto. Evidently, Dean Gentul advised Tafuto that he would investigate Tafuto's complaint once an assessment was satisfactorily completed. Despite the controversy, and throughout November, 2009, the students in the Architectural Design class continued to post

harassing depictions of Tafuto on the internet.

The Complaint also alleges that defendants violated federal law (20 U.S.C. §1681) by permitting the students to sexually harass Tafuto despite the notice he gave Dean Gentul and in-house counsel about the harassment. Tafuto alleges in paragraph 92 of his complaint:

> NJIT and NJIT Dean of Students Jack Gentul, NJIT Office of General Counsel Brian Tierny and Holly Stern responded negligently and deliberately indifferent to evidence of student on student sexual harassment against the Plaintiff in the NJIT Classroom and with the use of NJIT internet servers under the name of NJIT Projects by:
> a. Removing the victim (Plaintiff) from the classroom and from campus (although not coursework) because he was sexually harassed;
> b. Not conducting an investigation into the evidence and allegations of sexual harassment by NJIT Students;
> c. Not acknowledging to the Plaintiff, Louis Tafuto that the conduct reported constituted sexual harassment by NJIT Students;
> d. Not offering any services to cope with the abuse he endured in the Architectural Design Classroom by NJIT; and
> e. Failing to protect the Plaintiff from sexual harassment after the defendants were informed on November 11, 12, 13, 14 and 31.
> f. Failing to take action to assure the Plaintiff of the sexually hostile conduct of the NJIT students toward the Plaintiff would not be tolerated by NJIT.
> g. Failure to follow the NJIT Sexual Harassment Policy.

As a result of these failures, Tafuto presently seeks monetary damages for loss of reputation, emotional duress and other damages the court deems just and proper. Despite these allegations, the Institute seeks dismissal on various grounds.

II.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g.*, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S.Ct. 1091 (2001). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949; *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir.1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir.1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

### III.

The Institute argues that Dean Gentul, Brian Tierny and Holly Stern should dismissed from the case because the real party in interest is the Institute. Generally, in a Title IX action wherein the student files against a school district and individual school personnel, the school district personnel must be dismissed because individuals can not be liable under Title IX. *Tesoriero v. Syosset Cent. Sch. Dist.*, 382 F. Supp. 2d 387, 396 (E.D. NY 2005). Here, the same principle bars an action against Dean Gentul, Brian Tierny and Holly Stern as Dean of Students and in-house counsel. In his second amended complaint, Plaintiff seeks damages against "the defendant," but the Complaint does not specifically demand damages against named individuals. As such, Plaintiff's demand for damages is limited to mean the Institute. Dean Gentul, and in-house counsel Brian Tierny and Holly Stern are dismissed.

Second, the Institute argues that there are no "cognizable claims" alleged, because neither the Institute nor any of its agents had "actual knowledge" of the harassing activity. *See, Davis v. Monroe County Bd. of Ed.*, 526 U.S. 629, 642 (1999). The Court rejects this argument. Tafuto alleges that the harassing activity occurred over several months during which time Professor Tamanaha became aware of the activity, there were harassing photographs placed in the classroom window which was visible from outside, and there were photos posted both on the Institute's NJIT Projects website and on students' Facebook pages. In addition, the harassing activity continued to occur during November, 2009 after Dean Gentul, Brian Tierny and Holly Stern had become aware of the activity when Plaintiff remained enrolled, but was not allowed on

campus without Dean Gentul's express permission and an institute police escort.  During that time period, the Institute did not respond to the harassing behavior by Tafuto's classmates or to Tafuto's repeated complaints to Dean Gentul regarding the behavior.  As such, there are sufficient facts alleged to permit this suit to go forward.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

      Third, the Institute argues that it was not deliberately indifferent to the harassment.  Deliberate indifference occurs where the conduct is "clearly unreasonable".  *Davis*, 526 U.S. at 648. Where an educational institution "takes timely and reasonable measures to end the harassment," it is not deliberately indifferent, and is not liable under Title IX for prior harassment. *See Wills v. Brown Univ.*, 184 F.3d 20, 26 (1st Cir. 1999).  However, a Title IX entity's response must be more than "minimalist." *Vance v. Spencer County Public Sch. Dist.*, 231 F.3d 253, 260 (6th Cir. 2000). In the instant matter, there are questions of fact regarding the Institute's investigation, and/or actions that occurred after it had knowledge of the harassing activity which may constitute deliberate indifference to the fact finder.

      And finally, the Institute suggests that Tafuto's failure to undergo a psychiatric evaluation is the cause of his damages.  This, the Institute argues, is sufficient to dismiss the complaint because it may be an intervening cause. No case supporting this argument was presented by the Institute in its brief.

ORDER

IT IS on this 12th day of April, 2012;

ORDERED that defendants motion to dismiss the second amended complaint is granted against defendant's Jack Gentul, Brian Tierny and Holly Stern; and it is further

ORDERED that the motion to dismiss the second amended complaint against the New Jersey Institute of Technology is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.